# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EDWARD WEBB,**
    Petitioner,
v.                                              Case No. 4:17cv367-MW/CAS

**JULIE JONES, Secretary, Florida
Department of Corrections,**
    Respondent.
_____/

## REPORT AND RECOMMENDATION

On August 7, 2017, Petitioner Edward Webb, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also filed a memorandum. ECF No. 2. On January 30, 2018, Respondent filed a response, with attachments, ECF Nos. 15 and 16, and an amended response, with attachments, ECF Nos. 18 and 17. On February 14, 2018, Petitioner filed a reply. ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## **Procedural Background**

Petitioner Webb is an inmate housed in the Florida Department of Corrections (DOC), serving concurrent sentences imposed by the Hillsborough County Circuit court in case numbers 89-17915 and 89-15999, for offenses committed October 29, 1989, and September 25, 1989, respectively.  ECF No. 16 at 3-4.  He also served a concurrent sentence in Hillsborough County Circuit Court case number 90-228.  *Id.* at 4.  Through the accumulation of time served and gain-time, Webb reached his tentative release date on February 1, 2009, and DOC released him on conditional release in the first two cases, pursuant to section 947.1405, Florida Statutes; the sentence in the third case, 90-228, had fully expired.  *Id.* at 5; *see* ECF No. 18 at 4.

On March 11, 2010, the Florida Parole Commission (FPC) (now known as the Florida Commission on Offender Review (FCOR)) issued a Warrant for Retaking of the Conditional Releasee and Webb returned to custody on November 29, 2011; the FPC restored Webb to conditional release supervision on December 21, 2011.  ECF No. 17 at 5.

On November 25, 2014, FCOR issued another Warrant for Retaking of the Conditional Releasee and Webb returned to custody on June 2, 2015.  *Id.*  Webb's conditional release supervision was revoked effective

November 22, 2014. *Id.* at 5-6; ECF No. 16 at 6. Based on the revocation and pursuant to section 944.28(1), Florida Statutes, DOC forfeited all the gain time Webb had earned prior to his release, which included 3530 days of basic gain time, 3217 days of incentive gain time, and 870 days of provisional gain time, for a total of 7617 days of gain time. ECF No. 17 at 6; ECF No. 16 at 6. FCOR granted Webb credit for time he served on supervision from February 1, 2009, until November 22, 2014, for a total of 2120 days; accordingly, DOC applied this credit to Webb's post-revocation term of incarceration. *See* ECF No. 16 at 9; ECF No. 18 at 5.

On November 9, 2015, Webb filed a petition for writ of mandamus in the Leon County Circuit Court, challenging the forfeiture of his gain time. ECF No. 16 at 11-21. In an order dated March 16, 2016, the circuit court denied the petition on the merits. ECF No. 17 at 3-8. Webb then filed a petition for writ of certiorari in the First District Court of Appeal (First DCA), assigned case number 1D16-1806. *Id.* at 9-14. The DOC filed a response. *Id.* at 15-33. On April 19, 2017, the First DCA denied the petition on the merits, without a written opinion. *Id.* at 34.

In his § 2254 petition, filed August 7, 2017, Petitioner Webb raises three grounds:

> **(1) Due Process/Lack of Notice Regarding Application of Section 947.141, Florida Statutes**: "The lower state courts

ruling was a departure away from what the essential requirement of what the law had required and the correct law was not applied under Fla. Section 947.141(3)(4) in violation of the Petitioner right to the due process clause protected through the 5th and 14th Amend of the U.S. and State const." ECF No. 1 at 5. Webb explains he was not provided "with fair notice of this unlisted, unauthorize[d] consequence which effected the fairness of enforcing section 947.141 against the Petitioner." *Id.*

**(2) Misapplication of Florida Statutes Regarding Forfeiture of Gain-Time**: "The lower courts departed away from what the law had required by allowing the Respondent to use[] the words of Florida statute outside of their plain ordinary meaning which changed how those statutes operates, in violation of his constitution right of due process of the 5th and 14th Amend. Of the U.S. and state const." *Id.* at 7. Webb explains the state courts "allowed the Respondent to misuse[] the word 'earned' outside of its legal plain ordinary meaning in order to justify forfeiting his basic gaintime and provisional credits, under F.S. 947.141 and 944.28." *Id.*

**(3) Unlawful Forfeiture of Credit**: "The lower courts failed to protect the Petitioner const right of due process of the law by not affording the Petitioner with fair notice that has granted time spent on 'CRD' would be forfeited, which was unauthorize in violation of his 5th and 14th Amend of the Due Process Clause protected through the State and U.S. Const." *Id.* at 8.

Respondent has filed an answer, ECF No. 18, with attachments, ECF No. 17. Petitioner has filed a reply. ECF No. 20. Petitioner has also submitted supplemental filings. ECF Nos. 21, 22, 23.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody only under certain specified circumstances. Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See, e.g., Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

### Ground 1:  Due Process/Lack of Notice Regarding Application of Section 947.141, Florida Statutes

In his first ground, Petitioner Webb asserts his right to due process was violated because he did not have fair notice regarding the application

of section 947.141, Florida Statutes. ECF No. 1 at 5. Webb raised this claim in state court in his petition for certiorari filed in the First DCA, seeking review of the state trial court's order denying his petition for writ of mandamus. ECF No. 17 at 9-10.

The state trial court had denied the petition for writ of mandamus, making the following relevant findings:

> Petitioner alleges that the Department has violated his rights of due process by not applying all the credit awarded by the FPC upon revocation of his conditional release, thereby extending his release dates. However, the Department has awarded Petitioner with all credit awarded by the FPC. Based on the date of his offenses, Petitioner's gain-time was subject to forfeiture as a result of the violation pursuant to sections 944.28(1) and 947.141(4), Florida Statutes (1989). Therefore, the Department complied with this provision and properly forfeited Petitioner's gain-time.

ECF No. 17 at 6. The court cited Duncan v. Moore, 754 So. 2d 708, 712 (Fla. 2000), and explained the Florida Supreme Court has addressed the issue of gain-time forfeitures due to revocation of conditional release and stated that "an inmate does not have a vested liberty interest in awarded gain-time, only a conditional interest" because "the retention of gain-time, when released to supervision, is contingent upon an inmate's successful completion of the supervision." Id. at 7. The court further explained that at the time Webb "committed his underlying offenses, sections 944.28 and 947.141, Florida Statutes, provided for the forfeiture of gain-time upon

revocation of conditional release" and, therefore, Webb "was on notice of the consequences of violating his conditional release" and no due process violation had occurred. *Id.*

Earlier orders of this court are consistent with the state court's determination. As this court has explained, the express language of section 944.28(1), Florida Statutes, places a conditional releasee on notice that DOC can forfeit previously earned gain time if conditional release is revoked. *See, e.g.,* Layne v. Crews, No. 3:13cv93-LAC/EMT, 2013 WL 5730481 at *3 (N.D. Fla. Oct. 22, 2013) (order adopting report and recommendation to deny § 2254 petition challenging forfeiture of gain time by DOC after revocation of probation). In particular, as the court explained in Layne:

> Effective in 1988, [prior to Webb's commission of the crimes in this case in 1989,] Florida's gain time forfeiture statute was amended to allow FDOC to forfeit, without notice or hearing, in the case of a prisoner whose probation [or conditional release] was revoked, all gain time earned prior to his release on probation [or conditional release]. Florida Statutes Section 944.28(1) provides:
>
> > (1)  If a prisoner is convicted of escape, or if the clemency, conditional release as described in chapter 947, probation or community control as described in chapter 948 . . . granted to him is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner

> prior to such escape or his release under such clemency, conditional release, probation . . . .
>
> Fla. Stat. § 944.28(1) (1988). The retention of gain time is dependent not only upon satisfactory behavior while in prison but also satisfactory behavior while under supervision after release. Petitioner could thus retain his gain time only if he complied with the conditions under which it was given. Therefore, Petitioner had only a conditional interest in his gain time upon his release on probation [or community control]; he did not have a vested liberty interest in that gain time. The statute itself placed Petitioner on notice of such.

*Id.* at *4 (citations to cases omitted).

Petitioner Webb has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 2: Misapplication of Florida Statutes Regarding Forfeiture of Gain-Time
### &
### Ground 3: Unlawful Forfeiture of Credit

In these two grounds, Petitioner Webb challenges the DOC's forfeiture of his gain-time, pursuant to the Florida Statutes, as upheld by the Florida state courts. As Respondent points out, these grounds do not present a federal claim. *See* ECF No. 18 at 7, 12-13. Rather, these grounds concern the interpretation of Florida law by Florida agencies and courts. "'[S]tate court construction of state law is binding on federal courts entertaining petitions for habeas relief.'" Beverly v. Jones, 854 F.2d 412,

416 (11th Cir. 1988) (quoting Tyree v. White, 796 F.2d 390, 392-93 (11th Cir. 1986)).  "[A] state's interpretation of its own laws and rules provides no basis for federal habeas relief since no question of a constitutional nature is involved."  *Id.*

To the extent Webb may be arguing in these grounds that the state's construction of its statutes violates his right to due process, his argument lacks merit.  Webb was placed on conditional release and the consequences of his failure to abide by the conditions of his conditional release, including the forfeiture of gain-time, occurred in accordance with state law.  In particular, as explained in Logan v. McNeil, No. 5:06cv10-SPM/EMT, 2009 WL 595922 at *7 (N.D. Fla. Mar. 6, 2009), "Petitioner had only a conditional interest in his gain time upon his release on conditional release supervision; he did not have a vested liberty interest in that gain time" and he "could retain his gain time only if he complied with the conditions under which it was given."  The court in Logan further explained:

> [A]lthough Florida Statutes § 944.28(1) provides that the DOC may, without notice or hearing, declare a forfeiture of all gain-time earned by a prisoner prior to his release on conditional release supervision if his condition release is revoked, Florida law expressly provides that prior to revocation of conditional release, a releasee must be afforded an opportunity for a hearing.  *See* Fla. Stat. § 947.141(3) (2008).  If the releasee elects to proceed with a hearing, Florida law provides that he must receive written notice of the following:  (1) the alleged violation with which he is charged, (2) his right to be

> represented by counsel, (3) his right to be heard in person, (4) his right to secure, present, and compel the attendance of witnesses, (5) his right to produce documents on his own behalf, and (6) his right of access to all evidence used against him and to confront and cross-examine adverse witnesses. *Id.* At the revocation hearing, the State must present competent, substantial evidence that the releasee indeed violated the conditions of his supervision. *See* Tedder v. Parole Comm'n, 842 So. 2d 1022, 1025-26 (Fla. 1st DCA 2003). After the hearing, the presiding official must make findings of fact, and two members of the Commission must enter an order determining whether the charge has been sustained. See Fla. Stat. § 947.141(4) (2008). If the charge is sustained, the Commission may revoke conditional release and return the releasee to prison to serve the remainder of the sentence imposed. *Id.* Only then is the releasee's previously earned gain-time forfeited. Fla. Stat. §§ 947.141(6), 944.28(1) (2008).

*Id.* The court concluded "[t]his statutory process complies with the due process requirements set forth by the Supreme Court as applicable to parole revocation proceedings." *Id.* at *8 (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)); *see* Layne v. Crews, No. 3:13cv93-LAC/EMT, 2013 WL 5730481 at *3 (N.D. Fla. Oct. 22, 2013) (order adopting report and recommendation to deny § 2254 petition and report and recommendation explained, in part: "The Eleventh Circuit has not decided whether a State's forfeiture of an inmate's gain time, once a prisoner's release is revoked because of a violation of its conditions, violates federal law. However, the Eleventh Circuit has rejected this argument in the context of federal parole."

(citing Lambert v. Warden, U.S. Penitentiary, 591 F.2d 4, 8 (5th Cir. 1979))).

Petitioner Webb has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, these grounds should be denied.

## Conclusion

Based on the foregoing, Petitioner Edward Webb is not entitled to federal habeas relief.  The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's § 2254 petition, ECF No. 1, be **DENIED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2018.

S/ Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**